IRAKLI KARBELASHVILI, Esq. (SBN 302971)
ALLACCESS LAW GROUP
1400 Coleman Ave Ste F28
Santa Clara, CA 95050
Telephone: (408) 295-0137
Fax: (408) 295-0142
irakli@allaccesslawgroup.com

Attorneys for Plaintiff JAMES ALGER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ALGER,<br><br>　　　　　Plaintiff,<br>　　vs.<br><br>JANET MCATHIE, dba Carmel Valley Coffee Roasting Co.; DEAN MCATHIE, dba Carmel Valley Coffee Roasting Co.; CARMEL ROASTERS, INC., a California corporation, dba Carmel Valley Coffee Roasting Co.,<br><br>　　　　　Defendants | Case No. 25-cv-08993-SVK<br><br>**FIRST AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF, AND DAMAGES: DENIAL OF CIVIL RIGHTS AND ACCESS TO PUBLIC FACILITIES TO PERSONS WITH PHYSICAL DISABILITIES, PER FEDERAL AND CALIFORNIA STATUTES**<br><br>**DEMAND FOR JURY TRIAL** |

JAMES ALGER ("Plaintiff") complains of JANET MCATHIE, dba Carmel Valley Coffee Roasting Co.; DEAN MCATHIE, dba Carmel Valley Coffee Roasting Co.; CARMEL ROASTERS, INC., a California corporation, dba Carmel Valley Coffee Roasting Co. ("Defendants") as follows:

## SUMMARY

1. This is a civil rights action for discrimination at the building, structure, facility, complex, property, land, development, and/or surrounding business complex known as the

Carmel Valley Coffee Roasting Co., located at Ocean Ave (between Lincoln & Monte Verde), Carmel-by-the-Sea, CA, 93921 (APN 010-201-001-000) (hereinafter "Carmel Valley Coffee").

2. Plaintiff's claims arise from his visit to Carmel Valley Coffee on <u>October 6, 2025</u>. He alleges that Defendants Janet McAthie, Dean McAthie, and Carmel Roasters, Inc. violated and continue to violate the Americans with Disabilities Act ("ADA"), the California Unruh Civil Rights Act("Unruh Act"), the California Disabled Persons Act ("DPA"), and the California Health and Safety Code ("Health & Safety Code") by denying him full and equal access to the subject premises. Plaintiff therefore seeks injunctive and declaratory relief, damages, and reimbursement of reasonable attorney fees, litigation expenses, and costs.

## JURISDICTION AND VENUE

3. Plaintiff brings this action as a private attorney general pursuant to 42 U.S.C. § 12188 having been personally subjected to discrimination on the basis of his disability. These provisions expressly authorize private individuals to seek injunctive relief to enforce the public rights guaranteed under Title III of the Americans with Disabilities Act.

4. This Court has subject-matter jurisdiction of this action under 28 U.S.C. § 1331 for violations of the ADA, 42 U.S.C. §§ 12101 *et seq*. Under supplemental jurisdiction, attendant and related causes of action, arising from the same facts, are also brought under California law, including, but not limited to, violations of the Unruh Act, the DPA, and the Health & Safety Code.

5. Venue is proper in this court under 28 U.S.C. § 1391(b) and is founded on the fact that the real property that is the subject of this action is in this District and that Plaintiff's causes of action arose in this District.

6. **Intradistrict Assignment:** This case should be assigned to the San Jose intradistrict as the real property which is the subject of this action is in this intradistrict and Plaintiff's claims arose in this intradistrict.

## PARTIES

7. Plaintiff is, and at all times relevant hereto was, a qualified individual with a

FIRST AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

2

physical disability as defined by federal and state statutes. Plaintiff is substantially limited in his ability to walk due to progressive peripheral neuropathy, a physical impairment that damages the peripheral nerves. The deterioration from this condition advanced rapidly due to a work related back injury. As a result, he experiences profound and progressive weakness and numbness in his hands, arms, legs, and feet, which substantially limits major life activities such as walking and performing tasks that require fine motor control. Plaintiff relies on a wheelchair or a scooter for mobility in public.

8.  Defendants are and at all relevant times were the owners, operators, lessors, and/or lessees of the subject business, property, and buildings at all times relevant to this Complaint.

9.  Plaintiff is informed and believes, and on such information alleges, that at all times mentioned here, Defendants, and each of them, were the agents, servants, employees, and representatives of each of the other Defendants, and performed all acts and omissions stated here within the scope of such agency or employment or representative capacity, and/or as part of a joint venture and common enterprise with one or more of the other Defendants, and are responsible in some manner for the acts and omissions of the other Defendants in proximately causing the injuries complained of here. All actions alleged here were done with the knowledge, consent, approval, and ratification of each of Defendants here, including their managing agents, owners, and representatives.

## FACTUAL ALLEGATIONS

10.  Carmel Valley Coffee is a facility open to the public, a place of public accommodation, and a business establishment.

11.  On October 6, 2025, Plaintiff visited the Monterey Bay Aquarium, where he holds an active annual membership. After his visit, he drove to downtown Carmel, a nearby coastal village known for its charming atmosphere, art galleries, local shops, and cafés. While exploring the area, Plaintiff stopped for coffee at Carmel Valley Coffee. Plaintiff, however, was physically prevented from entering Carmel Valley Coffee due to a step at the entrance that made it

impossible for him to enter the establishment while using his mobility scooter.



12. No signage directed Plaintiff to an accessible entrance, nor did he observe any alternative entrance that would have allowed him to enter the business.

13. This experience caused Plaintiff embarrassment, leaving him feeling excluded and treated as a second-class citizen.

14. Plaintiff is deterred from returning to the subject premises so long as it remains inaccessible to him. Plaintiff intends to return once the barriers to access have been removed and the facility is made fully accessible.

15. These individual barriers to access are listed without prejudice to Plaintiff citing additional barriers to access after more detailed inspection by Plaintiff's accessibility expert.

# FIRST CLAIM:

# VIOLATION OF THE ADA, TITLE III

# [42 U.S.C. §§ 12101 et seq.]

16. Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the allegations contained in all paragraphs of this Complaint and incorporates them here as if separately repled.

17. At all times relevant to this action, Title III of the ADA has been in full force and effect and has applied to Defendants' conduct.

18. Plaintiff is a "qualified individual with a disability" for purposes of § 12188(a) of the ADA who is being subjected to discrimination based on disability in violation of Title III and who has reasonable grounds for believing he will be subjected to discrimination each time that he may attempt to use the subject facilities. Plaintiff has impairments that substantially limit one or more major life activities.

19. "Private entities" that are "public accommodations" under the ADA include a "a restaurant, bar, or other establishment serving food or drink;" such as Carmel Valley Coffee. See 42 U.S.C. § 12181(7)(B)).

20. Defendants have discriminated against Plaintiff in violation of Title III of the ADA by the following (without limitation): (a) providing benefits that are unequal to that afforded to people without disabilities by not providing an accessible features; (b) failing to make reasonable modifications in policies, practices, or procedures (at Carmel Valley Coffee) when such modifications are necessary to afford, and would not fundamentally alter the nature of, the goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities; (c) failing to take steps as may be necessary to ensure that no individual with a disability is excluded, denied service, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (d) failing to construct Carmel Valley Coffee in compliance with applicable federal standards for accessibility; (e) failing to remove architectural barriers that are structural in existing facilities where such removal is

readily achievable; and (f) where Defendants can demonstrate the removal of architectural barriers is not readily achievable, failing to make the goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable.

21. Here, providing an accessible entrance to Carmel Valley Coffee by removing the step or otherwise eliminating the barrier is readily achievable within the meaning of the ADA. The Department of Justice specifically identifies the removal of architectural barriers, such as installing ramps or otherwise making entrances accessible, as the type of modification that is presumed to be readily achievable for public accommodations. The modification here would require only minor construction, such as adding a small ramp, or otherwise leveling the threshold, all of which can be accomplished without significant difficulty or expense. The cost of such work is minimal when compared to the substantial benefit it would provide to individuals with mobility disabilities, including Plaintiff, by allowing equal access to the goods and services offered to the public. Even if complete removal of the step were not readily achievable, Defendants could have implemented alternative measures that are readily achievable, such as providing a service buzzer and displaying a menu at the entrance. Defendants' failure to take even these basic alternative steps demonstrates ongoing noncompliance with the ADA and related state accessibility laws.

22. The California Attorney General has emphasized that accessibility compliance is not excused simply because a business views a barrier as minimal or insignificant. In a letter dated August 3, 2003 regarding disability access enforcement, the Attorney General stated: **"While a violation may be minor in the eye of a business owner, the violation may not be minor to a person with a disability."** This principle is directly applicable here. A single step at an entrance, though easily overlooked by those without mobility impairments, creates a complete physical barrier for wheelchair and scooter users, effectively excluding them from the goods and services offered to the public.

23. The acts and omissions of Defendants set forth herein were in violation of

Plaintiff's rights under the ADA and the regulations promulgated thereunder, 28 CFR Part 36 *et seq.*

24. On information and belief, Defendants have continued to violate the law. If Defendants do not make necessary modifications in policies, practices, or procedures, and continue to fail to communicative effectively with people with disabilities, Plaintiff will be harmed again.

25. Pursuant to section 42 U.S.C. 12188, Plaintiff is entitled to the remedies and procedures set forth in section 204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as Plaintiff is being subjected to discrimination on the basis of disability in violation of the ADA or has reasonable grounds for believing that he is about to be subjected to discrimination.

WHEREFORE, Plaintiff requests relief as outlined below:

### SECOND CLAIM:

### VIOLATION OF THE UNRUH CIVIL RIGHTS ACT

### [Cal. Civil Code §§ 51 et seq.]

### (Against all Defendants and each of them)

26. Plaintiff repleads and incorporates by reference, as if fully set forth again here, the allegations contained in all paragraphs of this Complaint and incorporates them here by reference as if separately repled hereafter.

27. The Carmel Valley Coffee is a business establishment within the meaning of the Unruh Act.

28. Defendants are the owners and/or operators of a business establishment.

29. Defendants violated the Unruh Act by their acts and omissions:

   a. Failure to construct or alter the Carmel Valley Coffee in compliance with state building code and state architectural requirements ("CBC").

   b. Failure to remove known barriers to access at the Carmel Valley Coffee;

   c. Failure to modify policies and procedures as necessary to ensure Plaintiff full and equal access to the accommodations, advantages, facilities, privileges, or

services of the Carmel Valley Coffee;

    d. Failure to maintain accessible features;

    e. Violation of the ADA, a violation of which is a violation of the Unruh Act. Cal. Civil Code § 51(f).

30. Plaintiff has experienced barriers to access at the Carmel Valley Coffee, all of which have caused him difficulty, discomfort, and/or embarrassment.

31. On information and belief, the Carmel Valley Coffee is also illegally inaccessible in multiple other respects. As noted above, the barriers to access described in this Complaint are listed without prejudice to Plaintiff citing additional barriers to access after inspection by Plaintiff's access consultant(s)/expert(s).

32. These barriers to access render the Carmel Valley Coffee inaccessible to and unusable by persons with mobility disabilities. All facilities must be brought into compliance with all applicable federal and state code requirements, according to proof. Plaintiff prays for leave to amend this Complaint, if necessary, to obtain full injunctive relief as to barriers that limit or deny full and equal access to persons with similar mobility disabilities.

33. Each violation of the ADA constitutes a separate violation of California Civil Code § 51(f), thus independently justifying an award of damages and injunctive relief under California law, including, but not limited to, Civil Code § 52(a).

34. On information and belief, the access features of the Carmel Valley Coffee have not been improved since Plaintiff's visits there. Plaintiff's injuries are ongoing so long as Defendants do not modify their policies and procedures and provide fully accessible facilities for Plaintiff and other persons with similar mobility disabilities.

35. At all times mentioned, Defendants knew, or in the exercise of reasonable diligence should have known, that barriers, policies and practices at its facilities violated disabled access requirements and standards and had a discriminatory impact upon Plaintiff and upon other persons with similar mobility disabilities, but Defendants failed to rectify the violations, and presently continues a course of conduct in maintaining barriers that discriminate

against Plaintiff and similarly situated disabled persons.

36. Based on Defendants' violations of the Unruh Act, Plaintiff seeks and is entitled to damages for each incident that caused Plaintiff difficulty, discomfort, and embarrassment. Plaintiff is also entitled to injunctive relief and reasonable attorneys' fees, and costs.

WHEREFORE, Plaintiff requests relief as outlined below.

## THIRD CLAIM:

## VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT

[Cal. Civil Code §§ 54 *et seq.*]

**(Against all Defendants and each of them)**

37. Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the allegations contained in all paragraphs of this Complaint and incorporates them herein as if separately repled.

38. The Carmel Valley Coffee is a place of public accommodation and/or places to which the public is invited and, as such, they must comply with the provisions of the DPA, California Civil Code § 54 *et seq.*

39. The DPA guarantees, among other things, that persons with disabilities have the same right as the public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, public facilities, and other public places. California Civil Code § 54.

40. The DPA also guarantees, among other things, that persons with disabilities have a right to full and equal access, as other members of the public, to accommodations, advantages, facilities, and privileges of covered entities. California Civil Code § 54.1(a) (1).

41. The DPA also provides that a violation of the ADA is *a per se* violation of the DPA, California Civil Code § 54.1(d).

42. Defendants have violated the DPA by, among other things, denying and/or interfering with Plaintiff right to full and equal access as other members of the public to the accommodations, advantages, and its related facilities due to his disability, including, but not limited to the following:

    a. Failure to construct or alter the Carmel Valley Coffee in compliance with state building code and state architectural requirements;

    b. Failure to remove known barriers to access at the Carmel Valley Coffee;

    c. Failure to modify policies and procedures as necessary to ensure Plaintiff full and equal access to the accommodations, advantages, facilities, privileges, or services of the Carmel Valley Coffee;

    d. Failure to maintain accessible features; and

    e. Violation of the ADA, a violation of which is a violation of the DPA. Cal. Civil Code § 54.1(d).

43. Based on Defendants' violations of the DPA, Plaintiff seeks and is entitled to damages for each incident that caused Plaintiff difficulty, discomfort, and embarrassment. Plaintiff is also entitled to his reasonable attorneys' fees, and costs.

WHEREFORE, Plaintiff requests relief as outlined below.[1]

### FOURTH CLAIM:

### VIOLATION OF THE CALIFORNIA HEALTH AND SAFETY CODE

### [Cal. Health and Safety Code §§19955 *et seq.*]

44. Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the allegations contained in all paragraphs of this Complaint and incorporates them herein as if separately repled.

45. Health & Safety Code §19955 provides in pertinent part:

> The purpose of this part is to ensure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code. For the purposes of this part "public accommodation or facilities" means a building, structure, facility, complex, or improved area which is used by the general public and shall include auditoriums, hospitals, theaters, restaurants, hotels, motels, stadiums, and convention centers. When sanitary facilities are made available for the public, clients or employees in such accommodations or facilities, they shall be made available for the handicapped.

---

[1] Plaintiff does not seek injunctive relief or any other relief under Cal. Civ. Code § 55.

46. Health & Safety Code §19956, which appears in the same chapter as §19955, provides in pertinent part, "accommodations constructed in this state shall conform to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code …" Health & Safety Code §19956 was operative July 1, 1970, and applies to all public accommodations constructed or altered after that date.

47. On information and belief, portions of Carmel Valley Coffee and/or of the building(s) were constructed and/or altered after July 1, 1970, and substantial portions of Carmel Valley Coffeea nd/or the building(s) had alterations, structural repairs, and/or additions made to such public accommodations after July 1, 1970, thereby requiring Carmel Valley Coffee to be subject to the requirements of Part 5.5, §19955, *et seq.,* of the Health & Safety Code upon such alteration, structural repairs or additions per Health & Safety Code §19959.

48. Under the authority delegated by Government Code §4450, et seq., the State Architect promulgated regulations for the enforcement of these provisions. Effective July 1, 1982, Title 24 of the California Building Standards Code adopted the California State Architect's Regulations, and these regulations must be complied with as to any alterations and/or modifications of Carmel Valley Coffee and/or the building(s) occurring after that date. Construction changes before this date but after July 1, 1970 triggered access requirements under the "ASA" requirements, the American Standards Association Specifications, A117.1-1961.

49. On information and belief, at the time of the construction and modification of said building, all buildings and facilities covered were required to conform to each of the standards and specifications described in the American Standards Association Specifications and/or those contained in the California Building Code.

50. Carmel Valley Coffeeis a "public-accommodations or facilities" within the meaning of Health & Safety Code §19955, *et seq.*

51. As a result of the actions and failure to act of Defendants, and because of the failure to provide proper and legally accessible public facilities, Plaintiff was denied Plaintiff's

FIRST AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

11

right to full and equal access to public facilities and suffered a loss of civil rights and rights as a person with physical disabilities to full and equal access to public facilities.

WHEREFORE, Plaintiff requests relief as outlined below.

### PRAYER FOR RELIEF:

1. Plaintiff has no adequate remedy at law to redress the wrongs suffered as explained in this Complaint. Plaintiff has suffered and will continue to suffer irreparable injury because of the unlawful acts, omissions, policies, and practices of Defendants as alleged here, unless Plaintiff is granted the relief he requests. Plaintiff and Defendants have an actual controversy and opposing legal positions as to Defendants' violations of the laws of the United States and the State of California. The need for relief is critical because the rights at issue are paramount under the laws of the United States and the State of California.

2. Plaintiff requests a declaratory judgment that Defendants' actions, omissions, and failures—including, but not limited to, failing to remove known architectural barriers at the Carmel Valley Coffee to make it "accessible to and useable by" mobility disabled persons; failing to construct and/or alter the Carmel Valley Coffee in compliance with federal and state access standards; and failing to make reasonable modifications in policy and practice for Plaintiff and other persons with similar mobility disabilities.

3. Plaintiff requests that the Court issue an order enjoining Defendants, their agents, officials, employees, and all persons and entities acting in concert with them:

   a. From continuing the unlawful acts, conditions, and practices described in this Complaint;
   b. To provide reasonable accommodation for persons with disabilities at the Carmel Valley Coffee;
   c. To ensure that persons with disabilities are not denied equal benefits at the Carmel Valley Coffee;

FIRST AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

12

      d.   To modify the above-described facilities to provide full and equal access to persons with mobility disabilities, including, without limitation, the removal of all barriers to access where "readily achievable;"

      e.   To maintain such accessible facilities once they are provided;

      f.   To train Defendants' employees and agents in how to accommodate the rights and needs of physically disabled persons at the Carmel Valley Coffee; and

      g.   To implement nondiscriminatory protocols, policies, and practices for accommodating persons with mobility disabilities at the Facilities.

4. Plaintiff requests that the Court retain jurisdiction over Defendants until the Court is satisfied that Defendants' unlawful policies, practices, acts and omissions, and maintenance of inaccessible public facilities as complained of here no longer occur, and cannot recur;

5. Award to Plaintiff all appropriate damages, including but not limited to, statutory damages, general damages and treble damages in amounts within the jurisdiction of this Court, all according to proof

6. Plaintiff requests all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding;

7. Plaintiff requests prejudgment interest under California Civil Code § 3291;

8. Plaintiff requests interest on monetary awards as permitted by law; and

9. Plaintiff requests any other relief that this Court may deem just and proper.

Date: October 23, 2025                                ALLACCESS LAW GROUP

                                                                                     */s/ Irakli Karbelashvili*
                                                         By IRAKLI KARBELASHVILI, Esq.
                                                         Attorney for Plaintiff
                                                         JAMES ALGER

**JURY DEMAND**

Plaintiff demands a trial by jury for all claims for which a jury is permitted.

Date: October 23, 2025                              ALLACCESS LAW GROUP

                                                                              */s/ Irakli Karbelashvili*
By IRAKLI KARBELASHVILI, Esq.
Attorney for Plaintiff
JAMES ALGER